**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CSAIL 2019-C17 COMMERCIAL MORTGAGE TRUST, COMMERCIAL THROUGH CERTIFICATE SERIES 2019-C17**

*Plaintiff*,

v. Case No. 2:26-cv-02264-BCL-cgc

**JAMESBRIDGE 2017 LLC, CS JAMESBRIDGE LLC, JAMESBRIDGE 5777 LLC, & PINCHOS DAVID SHEMANO,**

*Defendants*.

---

**ORDER DENYING DEFAULT AND APPOINTMENT OF A RECEIVER**

---

After Defendants—and particularly the Entity Defendants (Jamesbridge 2017 LLC, CS Jamesbridge LLC, and JamesBridge 5777, LLC)—failed to retain new counsel within the time allowed by the Court (Doc. 33), the Court ordered the Parties to file briefs concerning whether Defendants should be declared in default. Doc. 39. New counsel entered an appearance for Defendants soon thereafter. Doc. 40.

Now that new counsel has appeared, the Court will not order entry of default (much less, as Plaintiff requests, default judgment) against Defendants at this time. There is no indication that Defendants acted willfully and in bad faith; while retaining substitute counsel was in Defendants' control, it appears from the filings that Defendants had difficulty finding counsel willing to step into a high value, contentious suit with a schedule already in place. Doc. 41 at 4. True, the Court

did warn Defendants that failure to retain new counsel might result in default, but that warning is of little import here, given that Defendants have now retained counsel and offered a valid reason for the delay. Moreover, the delay here was of no great length, and Defendants represent that, with no counsel, "there will be no delay or any impact on the judicial proceedings." Doc. 41 at 4. Finally, while Plaintiff claims it will suffer prejudice, the only prejudice it identifies is the lack of a receiver—but the lack of a receiver is due to Plaintiff's own failure to show that a receiver is warranted under the governing law. Doc. 35.

In sum, on these facts, there is no good cause to enter default, and in fact good cause not to do so because the failure to retain counsel amounts to, at worst, excusable neglect. And despite Plaintiff's suggestion to the contrary, there is certainly nothing to punish on this record, whether through default judgment, default, or appointment of a receiver.

**IT IS SO ORDERED**, this 14th day of September, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE